**Murniana TJHEN; Darma Susila Lamarga, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–71743.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 5, 2008.

Robert G. Ryan, Law Offices of Eugene C. Wong Inc., San Francisco, CA, for Petitioners.

Brianne Whelan Cohen, M. Jocelyn Lopez Wright, DOJ—U.S. Department of Justice Civil Div./Office of Immigration

Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

MEMORANDUM **

Murniana Tjhen and her husband, natives and citizens of Indonesia, petition for review of a Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA adopts and affirms the IJ's decision while adding its own reasons, we review both decisions. *See Nuru v. Gonzales,* 404 F.3d 1207, 1215 (9th Cir.2005). We review for substantial evidence, reversing only if the evidence compels the result, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and deny the petition for review.

Substantial evidence supports the IJ's conclusion that the harassment and discrimination Tjhen experienced in Indonesia did not rise to the level of persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1016–17 (9th Cir.2003). Substantial evidence also supports the IJ's finding that Tjhen did not establish a well-founded fear of future persecution because she failed to show her fear was objectively reasonable.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*See id.* at 1018. Even as a member of a disfavored group, Tjhen did not demonstrate a well-founded fear of future persecution because she failed to show sufficient individualized risk of persecution. *Cf. Sael v. Ashcroft,* 386 F.3d 922, 927–28 (9th Cir. 2004). In addition, Tjhen has not established a pattern or practice of persecution against Chinese Christians in Indonesia. *See Lolong v. Gonzales,* 484 F.3d 1173, 1178–81 (9th Cir.2007) (en banc). Lastly, we reject Tjhen's contention that the agency did not adequately consider the documentary evidence on country conditions, because the record reflects the IJ specifically discussed that evidence with Tjhen's counsel during her hearing. *See Don v. Gonzales,* 476 F.3d 738, 744 (9th Cir.2007).

Because Tjhen did not establish asylum eligibility, it necessarily follows that she did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the IJ's denial of CAT relief because Tjhen did not show it is more likely than not that she will be tortured if returned to Indonesia. *See Hasan v. Ashcroft,* 380 F.3d 1114, 1122–23 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.